UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD THOMPSON,<br><br>                              Plaintiff,<br><br>v.<br><br>CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,<br><br>                              Defendant. | Case No.: 21-CV-1716-GPC(WVG)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION TO CONTINUE FACT DISCOVERY CUT OFF AND MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF No. 19]** |

On October 11, 2022, Defendant Corelogic Rental Property Solutions, LLC ("Defendant") filed an Ex Parte Motion to Continue the October 13, 2022 Fact Discovery Cut-off and October 17, 2022 Mandatory Settlement Conference ("Ex Parte Motion"). (ECF No. 19.) On October 12, 2022, pursuant to Magistrate Judge William V. Gallo's Chamber Rules, Plaintiff James Edward Thompson ("Plaintiff") timely filed his Opposition brief. (ECF No. 20.) On October 12, 2022, the Court convened a Joint Telephonic Discovery Conference to discuss the Ex Parte Motion ("October 12, 2022 Discovery Conference"). (ECF No. 21.) Joseph L. Gentilcore appeared for Plaintiffs. *Id.* Thomas Harvey Citron appeared for Defendant. *Id.*

Having reviewed the parties' briefing and heard the parties' oral arguments, the Court **DENIES** Defendant's Ex Parte Motion and request to continue the fact discovery

deadline and the October 17, 2022 Mandatory Settlement Conference.

## I. DISCUSSION

As provided in the Court's Scheduling Order, the dates and times set forth in the Scheduling Order will not be modified except for good cause shown. In determining whether to modify a scheduling order the Court considers the "good cause" standard set out by Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* citing to *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end. *Johnson*, 975 F.2d at 609.

Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b). Finally, Judge Gallo's Civil Chamber Rule VII requires any party seeking continuances should seek approval "at the absolute earliest possible opportunity upon discovering the need for the continuance."

**A. Good Cause Does Not Exist to Extend Fact Discovery Deadline**

    i. <u>Defendant Was Dilatory in Seeking Plaintiff's Deposition</u>

The Court finds good cause does not exist to extend the fact discovery deadline as Defendant has not demonstrated any diligence in conducting discovery during the preceding five months. Defendant's request to extend fact discovery is predicated on Defendant's need to depose Plaintiff James Edward Thompson. (ECF No. 19 at 2-3.) The Ex Parte Motion emphasizes the importance of Plaintiff's testimony related to Plaintiff's allegations pled in his Complaint and claims of damages. *Id.* Despite Defendant's assertion of the importance of Plaintiff's deposition, the Ex Parte Motion and Defendant's representations during the October 12, 2022 Discovery Conference failed to establish Defendant actually proceeded diligently in attempting to obtain Plaintiff's testimony.

Judge Gallo's Civil Chamber Rule VII provides:

> Parties should not assume the Court will grant motions to continue as a matter of course. For example, if the parties seek continuance of a discovery cut-off, they should not operate under the assumption that such requests are routinely granted and proceed to schedule a deposition after the discovery cut-off as a result.

Yet, that is exactly what occurred in this case.

At the May 13, 2022 Case Management Conference ("CMC") the parties and the Court discussed all dates and deadlines to be included in the Scheduling Order. During the CMC, the Court provided the parties with an opportunity to object to the Court's proposed schedule, including the fact discovery deadline of October 13, 2022. The parties agreed to the proposed dates. Defendant's counsel stated he would follow Judge Gallo's Chamber Rules if he had any conflicts with the proposed dates. The Court advised counsel to read both Local Rules and Chamber Rules for procedures related to discovery disputes and requests for continuances. The Scheduling Order was then issued that day. (ECF No. 18.)

Based upon the representations made at the CMC, the Court expected the parties to proceed with discovery diligently. This was a reasonable belief since the parties had already participated in an initial round of limited discovery between the first Early Neutral

1  Evaluation ("ENE") on April 8, 2022 and the second ENE on May 13, 2022. *See* ECF No.
2  14. Instead, Defendant appears to have stalled and waited until two weeks before the fact
3  discovery deadline of October 13, 2022 to conduct further discovery; four and a half
4  months after the Scheduling Order issued. *See* ECF No. 19 and 20. Other than the initial
5  discovery requests served before the May 13, 2022 ENE, Defendant failed to serve any
6  other written discovery requests to Plaintiff until September 27, 2022. (ECF No. 20 at 2:6-
7  13.) Four and a half months after the CMC, on September 27, 2022, Defendant noticed and
8  served a deposition subpoena for Plaintiff James Edward Thompson along with a request
9  for documents to be produced at the deposition. (ECF No. 19-1 at 2-5.) Defendant's
10 deposition notice set Plaintiff's deposition for October 14, 2022 – one day after the fact
11 discovery deadline. *Id.*

12 Defendant's Ex Parte Motion creates an impression Defendant's counsel did
13 expeditiously proceed with discovery. The Ex Parte Motion states:

> "Defendant's counsel repeatedly requested a date from Plaintiff's attorneys on which Plaintiff would be available and agree to appear for his deposition. Plaintiff's attorneys insisted that they should take the deposition of Defendant CoreLogic's *Federal Rule of Civil Procedure* 30(b)(6) deponent first, noticing it for Monday, October 10, 2022. However, they never provided any dates for Plaintiff's deposition. As a result, Defense Counsel noticed Plaintiff's deposition for October 14, 2022, four days after the deposition of CoreLogic's Rule 30(b)(6) deponent."

20 (ECF No. 19 at 2:10-20.) However, Plaintiff's Opposition unequivocally denies
21 Defendant's contentions, stating Plaintiff's counsel never demanded Defendant's witness
22 should be deposed first and the first time Defendant's counsel sought Plaintiff's availability
23 for deposition was on October 10, 2022 – three days before the fact discovery deadline.
24 (ECF No. 20 at 2:2-6.)

25 The Court noted Defendant's Ex Parte Motion did not provide any exhibits to
26 support Defendant's contentions that his efforts had been diligent. At the October 12, 2022
27 Discovery Conference the Court pointedly asked Defendant's counsel whether the requests
28 to depose Plaintiff were enumerated in writing at any point during the fact discovery period.

1  Defendant's counsel stated he did not have any documentary evidence to support these
2  statements, and the Ex Parte Motion was submitted by another attorney working on the
3  case – Defendant's counsel did not review the motion before filing. Defendant's counsel
4  did believe the ordering of these depositions was previously discussed between counsel
5  before the April 2022 and May 2022 ENEs. In response, Plaintiff's counsel stated the first
6  time he and Defendant's counsel had a discussion about Plaintiff's deposition was on
7  October 10, 2022 at Defendant's 30(b)(6) witness' deposition. Plaintiff's counsel also
8  stated the first time he had heard about the purported sequencing of witness depositions
9  (Defendant's Rule 30(b)(6) deposition before Plaintiff's deposition) was when counsel
10 received Defendant's October 11, 2022 meet and confer letter.

11     As fact discovery closed on October 13, 2022, the Court finds Defendant's
12 deposition notice of Plaintiff James Edward Thompson dilatory. Defendant seemingly
13 demonstrated a lack of urgency in serving and noticing Plaintiff's deposition although it
14 had more than sufficient time to notice it. Instead, Defendant languished and serve the
15 deposition subpoena two weeks before the fact discovery cut-off, approximately four and
16 a half months after the fact discovery deadline had been set. Choosing to delay and notice
17 Plaintiff's depositions for one day after the close of fact discovery, Defendant now must
18 face the consequence of its dilatory actions.

19         ii.    <u>Plaintiff's Deadline to Respond to The Deposition Notice Has Not Lapsed</u>
20     Rule 30(b)(2) and Rule 34(b)(2) of the Federal Rules of Civil Procedure govern
21 deposition notices requesting document production at deposition. Fed. R. Civ. P. 30(b)(2)
22 and 34(b)(2). Rule 34(b)(2) of the Federal Rules of Civil Procedure ("Rule 34(b)(2)")
23 provides the time for a party to respond to a request in writing is within thirty (30) days
24 after being served. Fed. R. Civ. P. 34(b)(2).

25     Defendant's Ex Parte Motion argues an extension of fact discovery would be proper
26 as "Plaintiff's attorneys did not serve any written objections to Plaintiff's deposition notice
27 or to the documents Defendant requested Plaintiff to produce at this deposition." (ECF No.
28 19 at 2.) The Court does not find this argument persuasive based upon Rule 30(b)(2) and

Rule 34(b)(2).

Pursuant to Rule 34(b)(2), Plaintiff had thirty days after service of the deposition notice to respond in writing, including objections. Defendant's deposition subpoena was served on September 27, 2022. (ECF No. 19, Exhibit A.) Thus, Plaintiff had until October 27, 2022 to respond, including objections. The Court also finds Plaintiff appears to have preliminarily objected to the deposition - Plaintiff's counsel sent an email on October 9, 2022 at 6:04 p.m. stating: "I want to reiterate what I mentioned in my prior emails – your depo notice for my client is in violation of the court's scheduling order and scheduling deadlines." (ECF No. 19, Exhibit B at 2.) Defendant' Ex Parte Motion also appears to support this as it states "Attorney Gentilcore has made clear that he would not produce Plaintiff for his noticed deposition on October 14, 2022." (ECF No. 19 at 2:25-28.)

The Court does not find Plaintiff waived his objections to the October 14, 2022 deposition as the deadline for a response has not yet passed based on Rule 30(b)(2) and 34(b)(2).

### B. Defendant's Deposition Subpoena Was Untimely Served

Rule 30(a)(1) of the Federal Rules of Civil Procedure provides that a party may depose any person. Fed. R. Civ. P. 30(a)(1). Additionally, Rule 30(b)(1) of the Federal Rules of Civil Procedure ("Rule 30(b)(1)") requires a party seeking a deposition give "reasonable notice" of the deposition. Fed. R. Civ. P. 30(b)(1). Courts construe "reasonable notice" to be five days, **if** the deposition notice does not require production of documents at the deposition. *Millennium Labs, Inc. v. Allied World Assur. Co.,* 2014 WL 197744 at *2, n. 1 (S.D.Cal.2014), *Pac. Mar. Freight, Inc. v. Foster,* 2013 WL 6118410 at *2, n. 2 (S.D.Cal.2013). However, when the deposition notice requires production of documents at the deposition, Rule 30(b)(2) of the Federal Rules of Civil Procedure dictates "reasonable notice" is construed under Rule 34. Fed. R. Civ. P. 30(b)(2). Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request. *Ghosh v. Cal. Dept. of Health Services,* 50 F.3d 14 (9th Cir.1995).

6

21-CV-1716-GPC(WVG)

1    Here, Defendant served the Plaintiff's deposition subpoena on September 27, 2022
2    for a deposition to be taken on October 14, 2022. (ECF No. 19, Exhibit A.) The time
3    between September 27, 2022 and October 14, 2022 is seventeen days. If the deposition
4    subpoena had not also requested production of documents at depositions, it would have
5    been timely. However, it did include a request for production of documents, seeking ten
6    categories of documents to be produced at deposition. (ECF No. 19, Exhibit A at 3-4.) As
7    Rule 34 requires a minimum of 30 days of notice, the seventeen days of notice provided
8    by Defendant's counsel clearly was neither timely nor reasonable.

9    Even if Defendant withdrew its request for production, it would not ameliorate the
10   untimeliness of the deposition. The cut off for fact discovery is October 13, 2022. (ECF
11   No. 18.) Defendant's deposition subpoena set Plaintiff's deposition for October 14, 2022
12   – after the cut off. (ECF No. 19, Exhibit A at 3.) The Court finds Defendant's deposition
13   subpoena failed to give "reasonable notice" and failed to comply with Rule 30(b)(1) and
14   (2) and 34(b)(2).

**C. Request to Continue Mandatory Settlement Conference Is Untimely**

16   Judge Gallo's Civil Chamber Rule VII requires any party seeking continuances
17   should seek approval "at the absolute earliest possible opportunity upon discovering the
18   need for the continuance." Civil Chamber Rule VII states "[w]hether made by joint motion
19   or by ex parte application, any request to continue … Settlement Conference … shall be
20   made in writing no less than **seven (7) calendar days** before the affected date." (Emphasis
21   in original.)

22   Not only did the parties discuss all Scheduling Order dates at the May 13, 2022
23   CMC, but the Court also admonished the parties to read the Chamber Rules and promptly
24   raise any issues with dates as soon as counsel became aware of them. Despite Defendant's
25   representations at the CMC that he would abide by the Court's Chamber Rules,
26   Defendant's Ex Parte Motion was filed six days before the Mandatory Settlement
27   Conference. Defendant's request to continue the Mandatory Settlement Conference date is
28   clearly untimely.

## II. CONCLUSION

The Court finds no good cause exists to extend the fact discovery deadline or October 17, 2022 Mandatory Settlement Conference. Defendant did not diligently proceed with its discovery obligations during the five months provided for fact discovery. The Court reaffirms the deadlines and dates in its Scheduling Order. The Ex Parte Motion is **DENIED.**

**IT IS SO ORDERED.**

DATED: October 13, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge